# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-61916-BLOOM/Valle

APPLE CORPS LIMITED and SUBAFILMS LIMITED,

      Plaintiffs,

vs.

BAGANI.MOBI, *et al.*,

      Defendants.

_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION
## AS TO DEFENDANT NUMBERS 51, 60, 82, 87, 94

**THIS CAUSE** is before the Court upon Plaintiffs, Apple Corps Limited and Subafilms Limited ("Plaintiffs") Motion for Entry of Consent Final Judgment and Permanent ("Motion"), ECF No. [53], filed on December 18, 2020. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised.

Plaintiffs and Defendants, DM Decor (Defendant Number 51), House Yami (Defendant Number 60), Shopping Night (Defendant Number 82), SuperModel (Defendant Number 87), and Vovlo Office (Defendant Number 94) a/k/a Jiang Hanfeng (蒋寒枫) (collectively "Defendant Numbers 51, 60, 82, 87 and 94"), stipulate and consent to the following:

WHEREAS, Defendant Numbers 51, 60, 82, 87 and 94 adopted and began using trademarks in the United States that infringe and dilute the distinctive quality of Plaintiffs' various registered trademarks identified in Paragraphs 18 and 27 of Plaintiffs' Amended Complaint, ECF No. [19], ("Plaintiffs' Marks");

WHEREAS**,** Defendant Numbers 51, 60, 82, 87 and 94's use of names and marks which incorporate one or more of Plaintiffs' Marks is likely to cause confusion as to source or origin;

WHEREAS, the parties desire to settle and have amicably resolved their dispute to their satisfaction; and

WHEREAS, based upon Plaintiffs' good faith prior use of Plaintiffs' Marks, Plaintiffs have superior and exclusive rights in and to the Plaintiffs' Marks in the United States and any confusingly similar names or marks; it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion, **ECF No. [53]**, is **GRANTED**. Judgment is entered in favor of Plaintiffs and against Defendant Numbers 51, 60, 82, 87 and 94.

2. Defendant Numbers 51, 60, 82, 87 and 94 and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using Plaintiffs' Marks;

    b. using Plaintiffs' Marks in connection with the sale of any unauthorized goods;

    c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant Numbers 51, 60, 82, 87 and 94 as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs;

    d. falsely representing themselves as being connected with Plaintiffs, through sponsorship or association;

    e. engaging in any act which is likely to falsely cause members of the trade

    and/or of the purchasing public to believe any goods or services of Defendant Numbers 51, 60, 82, 87 and 94, are in any way endorsed by, approved by, and/or associated with Plaintiffs;

f.   using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiffs' Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant Numbers 51, 60, 82, 87 and 94;

g.   affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant Numbers 51, 60, 82, 87 and 94's goods as being those of Plaintiffs, or in any way endorsed by Plaintiffs;

h.   offering such goods in commerce and from otherwise unfairly competing with Plaintiffs;

i.   secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Plaintiffs' Marks; and

j.   effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

3. Plaintiffs shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant Numbers 51, 60, 82, 87 and 94 to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

4. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

5. Each party shall bear its own attorney's fees and costs.

6. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment.

7. Pursuant to the parties stipulation, the financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to SIA Joom, which operates the Joom.com website ("Joom"), and their related companies and affiliates shall (1) disburse the funds of Defendant Numbers 51, 60, 82, 87 and 94 restrained pursuant to the Court's Sealed Order Granting Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order and Setting Hearing on Motion for Preliminary Injunction, dated September 23, 2020, ECF No. [11], as directed by Plaintiffs' counsel; and (2) upon transfer of the funds to Plaintiffs as required herein, Joom shall remove any restraints that were placed on Defendant Numbers 51, 60, 82, 87 and 94's Joom accounts pursuant to the Temporary Restraining Order; and (3) return Defendant Numbers 51, 60, 82, 87 and 94's accounts back to an unrestrained status in accordance with Joom's operating procedures and contract for services with Defendant Numbers 51, 60, 82, 87 and 94.

Case No. 20-cv-61916-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 18, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record *via* E-Mail